UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH A. CARROLL,

        Plaintiff,

v.                                                                      CASE NO. 4:06-cv-10937
                                                                        HONORABLE PAUL V. GADOLA
RUO YOUNG, PATRICIA L. CARUSO,
EDWARD MIZE, HAROLD WHITE,
GREG SKIPPER, TRAVIS JONES,
J. RICCIE, MARY COOKE, LINDA M. SKOOG,
W. STEPHENSON, and JAMES ARMSTRONG,

        Defendants.

_____/

## ORDER OF DISMISSAL

### I.  Introduction

Plaintiff Keith A. Carroll is a state prisoner presently confined at West Shoreline Correctional Facility in Muskegon Heights, Michigan.  On March 1, 2006, Plaintiff filed a *pro se* civil rights complaint for money damages under 42 U.S.C. § 1983.  The complaint alleges that, because Plaintiff filed a sexual harassment complaint against another officer, defendant Young assaulted him on September 30, 2005.  The complaint further alleges that the other defendants either knew about the sexual harassment and assault, but refused to report the incidents, or they tried to cover up the misconduct.  Plaintiff claims that state officials also retaliated against him by transferring him from prison to prison.  He sues the defendants in their personal and official capacities.

A preliminary question in prisoner civil rights cases challenging the conditions of

confinement is whether the prisoner exhausted the available administrative remedies before filing the complaint.  Plaintiff alleged in his complaint that he did exhaust the available administrative remedies for his claims, however, a review of the complaint indicated he failed to make any specific allegations about the administrative remedy process he sought or attach copies of the grievances he filed and their responses to his complaint.  Consequently, on April 7, 2006, United States Magistrate Judge Paul J. Komives ordered Plaintiff to show cause why the complaint should not be dismissed.  The Magistrate Judge warned Plaintiff that failure to properly respond could result in the dismissal of this action.  To date, the only response to the Magistrate Judge's order is a letter that Plaintiff wrote to the Clerk of Court on May 18, 2006 which indicated that he sent his filing fee and "remedies" directly to the Magistrate Judge.  *See* Letter from Keith A. Carroll to Office of the Clerk of the Court (May 22, 2006); docket entry 6.

## II.  Discussion

Section 1997e(a) of Title 42, United States Code, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement applies to all inmate suits about prison life, whether under § 1983 or another federal law.  *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).  The exhaustion of administrative remedies is mandatory regardless of the relief sought and offered through the administrative procedures, *Booth v. Churner*, 532 U.S. 731, 741 & 741 n.6 (2001), and "even if proceeding through the administrative system would be 'futile.' "  *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005) (citing *Hartsfield v. Vidor*, 199

2

F.3d 305, 308-10 (6th Cir. 1999)), *petition for cert. filed*, 74 U.S.L.W. 3424 (U.S. Jan. 9, 2005) (No. 05-874).

"[I]t is not enough simply to follow the grievance procedure; in order to satisfy the administrative exhaustion requirement, the content of the grievances must be adequate, too." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  This means that the grievance must identify each defendant eventually sued.  *Id.* (citing *Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001)).  A second requirement for the content of grievances is that the prisoner " 'must have alleged mistreatment or misconduct on the part of the defendant' in his grievance."  *Id.* (quoting *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003)).  Proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford v. Ngo*, __ U.S. __,  126 S. Ct. 2378, 2386 (2006).

The Michigan Department of Corrections (MDOC) has established a three-step administrative remedy procedure.  *See* MDOC Policy Directive 03.02.130 (Dec. 19, 2003).  The Department's regulations

> require the prisoner to first file a grievance with the internal grievance coordinator at the prison in which he is incarcerated.  If the grievance is denied at this level, the prisoner can appeal it to the prison's warden.  If denied a second time, the prisoner can exercise a final appeal to the office of the Michigan Department of Corrections' director.  *See* MDOC Policy Directive 03.02.130. Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted.

*Jones Bey*, 407 F.3d at 803 n.2.[1]

After the prisoner exhausts administrative remedies, he or she must "attach[] a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) (citing *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)). A noncommital statement does not satisfy the exhaustion requirement. *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 999 (6th Cir. 2004)*, cert. denied sub nom Allen v. Corr. Corp. of America,* 544 U. S. 920 (2005).

In the instant case, Plaintiff checked off boxes on his complaint form indicating that he had exhausted the available administrative remedies by filing a grievance at all three steps of the MDOC grievance procedure. However, despite the Magistrate Judge's order to show cause, Plaintiff failed to describe the grievances and their outcome, and has not submitted copies of his grievances and their responses to the Court. He appears to allege in the May 22, 2006 letter to the Clerk of Court

---

[1] The following issues may not be raised in a grievance:

1. Decisions made in hearings conducted by hearing officers of the Hearings and Appeals Division of the Office of Policy and Hearings (OPH) and decisions made in minor misconduct hearings.

2. Decisions made by the Parole Board and recommendations made by its hearing officers to grant, deny, rescind, amend or revoke parole, or not to proceed with a life interview or a public hearing.

3. Issues not within the authority of the Department to resolve.

MDOC Policy Directive 03.02.130, at F.

4

that he mistakenly sent his filing fee and response to the order to show cause directly to the Magistrate Judge.  The Magistrate Judge has no record of receiving a response from Plaintiff concerning exhaustion of administrative remedies.  The Clerk of the Court's office did, however, receive Plaintiff's initial partial filing fee of $1.00 on April 18, 2006.  Although Plaintiff's letter asks for the forms needed to correct the problem of the failure to attach the grievances and responses, Plaintiff was clearly advised and given the opportunity to correct the problem in the Magistrate Judge's April 7, 2006 order to show cause.

### III.  Conclusion

Plaintiff, having failed to demonstrate an exhaustion of available administrative remedies; having failed to properly respond to Magistrate Judge Komives's order to show cause; and having been so warned that such a failure to respond may result in dismissal of his complaint;

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice.

**SO ORDERED.**

Dated:   August 29, 2006                              s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

5

Certificate of Service

I hereby certify that on ___August 29, 2006___, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Keith A. Carroll_____.


s/Ruth A. Brissaud_____

Ruth A. Brissaud, Case Manager

(810) 341-7845